This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38869

**FOUR CORNERS HEALTHCARE CORPORATION,**

Protestant-Appellant,

v.

**NEW MEXICO TAXATION & REVENUE DEPARTMENT,**

Respondent-Appellee,

**IN THE MATTER OF THE PROTEST
OF THE DENIAL OF REFUND ISSUED
UNDER LETTER ID NO. L1522048304.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE
Chris Romero, Hearings Officer**

Sutin, Thayer & Browne
Suzanne Wood Bruckner
Andrew J. Simons
Robert J. Johnston
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
David E. Mittle, Special Assistant Attorney General
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** After Respondent New Mexico Taxation and Revenue Department (Department) determined that Protestant Four Corners Healthcare Corporation (Taxpayer or Four Corners) was not entitled to a complete deduction from gross receipts taxes, the administrative hearing officer denied Taxpayer's protest. Taxpayer appeals, and we affirm.

## BACKGROUND

**{2}** Because Taxpayer does not challenge the factual findings set forth in the hearing officer's decision and order, we rely on those findings to provide factual context for our analysis. Taxpayer is a licensed home health agency that maintained offices in Grants and Shiprock, New Mexico during the relevant time period. Specifically, Taxpayer is a licensed skilled nursing provider that offers services to United States Department of Energy employees who were diagnosed with certain illnesses as a result of workplace exposure. Taxpayer provides these services under the Energy Employees Occupational Illness Compensation Program Act (EEOICPA), 42 U.S.C. § 7384. Although Taxpayer estimated that all of its patients are Medicare beneficiaries, Taxpayer receives compensation for its services from the Department of Labor under EEOICPA and not from Medicare.

**{3}** Concerned about its tax liability, Taxpayer conferred with other similar providers, an attorney, accountants, and ultimately, the Department. After a Department employee sent Taxpayer an email indicating that receipts for medical services were deductible from gross receipts taxes, Taxpayer filed nineteen applications for refund of gross receipts taxes, in the amount of $1,325,343.10, which it allegedly overpaid for the period between January 2014 and September 2016. The Department denied the application for refund, and Taxpayer submitted a protest of the denial, which the hearing officer denied after a hearing.

**{4}** We will expand on this background as additional facts and the details of the hearing officer's decision become relevant to our discussion of Taxpayer's appeal.

## DISCUSSION

**{5}** This appeal involves the application of NMSA 1978, Section 7-9-77.1 (2016, amended 2022) and NMSA 1978, Section 7-9-93 (2007, amended 2021).Taxpayer contends that it was entitled to deduct the entirety of its gross receipts based on Section 7-9-93 (2007) and Section 7-9-77.1(E) (2016). Where, as here, the facts are undisputed, "it is the function of the courts to interpret the law, and courts are in no way bound by the agency's legal interpretation." *TPL, Inc. v. N.M. Tax'n & Revenue Dep't*, 2003-NMSC-007, ¶ 10, 133 N.M. 447, 64 P.3d 474 (internal quotation marks and citation omitted). Because the law presumes that "all persons engaging in business in New Mexico are subject to the gross receipts tax, . . . deductions are construed strictly against the taxpayer." *Id.* ¶ 9 (citations omitted). It is the taxpayer's burden to "show that it is clearly entitled to the statutory deduction." *Id.* We begin with the application of Section 7-9-93.

**I.      Taxpayer Did Not Establish It Was Clearly Entitled to a Deduction Under Section 7-9-93 (2007)**

**{6}**      Section 7-9-93 (2007) was amended once in the relevant time period in 2016. Taxpayer argues that the 2007 version of Section 7-9-93 applies, and the Department maintains that the 2016 statute governs. We need not decide, however, which version of Section 7-9-93 controls because even applying the 2007 version, Taxpayer has failed to demonstrate that it is "clearly entitled to the statutory deduction." *See TPL, Inc.*, 2003-NMSC-007, ¶ 9.

**{7}**      The 2007 version, in effect at the time Taxpayer provided the services, stated in relevant part that

> *Receipts from payments by a managed health care provider or health care insurer* for commercial contract services or medicare part C services *provided by a health care practitioner* that are not otherwise deductible pursuant to another provision of the Gross Receipts and Compensating Tax Act [NMSA 1978, Section 7-9-1 (1979)] may be deducted from gross receipts, provided that the services are within the scope of practice of the person providing the service.

Section 7-9-93(A) (2007) (emphases added). This Court has previously determined that Section 7-9-93 (2007) does not extend the deduction to "facilities that provide hospice, rehabilitative, or other such services." *Golden Servs. Home Health & Hospice v. Tax'n & Revenue Dep't*, A-1-CA-36987, mem. op., ¶ 1 (N.M. Ct. App. Apr. 20, 2020) (nonprecedential), *cert. denied* (S-1-SC-38341); *see also id.* ¶ 37 (Ives, J., specially concurring) (concluding that Section 7-9-93 (2007) did not clearly and unambiguously extend the right to the deduction to institutions).

**{8}**      In acknowledging *Golden Services*, Taxpayer's only substantive argument is that the opinion "is expressly limited to 'health care facilities'" and that "Taxpayer here is not a 'health care facility'" under applicable regulations. Taxpayer offers no further argument or explanation. Instead, Taxpayer argues that *Golden Services* is not binding and was "wrongly decided," and it urges this Court to review the motion for rehearing filed in *Golden Services* and to rely on *In the Matter of the Protest of HealthSouth Rehabilitation*, No. 16-16, 2016 WL 2958471 (N.M. Tax'n & Revenue Dep't May 11, 2016) (dec. & order), which is the written decision of an administrative hearing officer. These assertions provide no reason in this case to divert from the conclusion of this Court in *Golden Services*.

**{9}**      Taxpayer separately argues that it is entitled to deduct its gross receipts under 3.2.241.13 NMAC and 3.2.241.17 NMAC, which are the regulations corresponding to Section 7-9-93 (2007). In 3.2.241.13 NMAC, an entity

> *may deduct* under Section 7-9-93 . . . its receipts from managed health care providers or health care insurers for commercial contract services or

medicare part C services provided on its behalf by health care practitioners who own or are employed by the corporation, unincorporated business association or other legal entity that *is not*:

      A.     an organization described by [NMSA 1978, Section 7-9-29(A) (1990, amended 2019)]; or

      B.     an HMO, hospital, hospice, nursing home, an entity that is solely an outpatient facility or intermediate care facility licensed under the Public Health Act.

(Emphases added.) Under 3.2.241.17 NMAC: "An organization, whether or not owned exclusively by health care practitioners, licensed as a hospital, hospice, nursing home, an entity that is solely an outpatient facility or intermediate care facility under the Public Health Act is not a 'health care practitioner' as defined by Section 7-9-93." The regulation continues, "[r]eceipts of such an organization are not deductible under Section 7-9-93." 3.2.241.17 NMAC. Taxpayer contends that

[t]ogether, these two regulations allow Taxpayer, a for-profit home health agency, to take the Section 7-9-93 deduction, because Taxpayer (A) is not a hospital, a hospice, a nursing home, an entity that is solely an outpatient facility, or an intermediate care facility under the Public Health Act, and (B) received gross receipts for services provided on its behalf by health care practitioners employed by Taxpayer.

We agree with the Department, however, that (1) Taxpayer fails to explain how the receipts it receives—its payments—from the Department of Labor for EEOICPA patients "qualify as receipts from a managed health care provider or health care insurer for commercial contract services or for medicare Part C services," as required by 3.2.214.13 NMAC; and (2) while 3.2.214.17 NMAC excludes certain entities from eligibility for the deduction and does not specifically exclude an entity like Taxpayer, it does not follow that Taxpayer therefore is entitled to the deduction.

**{10}** The manner in which Taxpayer processes patients under the EEOICPA demonstrates why it does not qualify for the deduction under 3.2.214.13 NMAC. Taxpayer explained at the hearing that after a patient qualifies to participate in the EEOICPA program and seeks Taxpayer's home health services, Taxpayer directs the patient to a doctor for home health services to be prescribed. Taxpayer then submits a letter of medical necessity to the federal government, and if the government approves the physician's prescription for hours of services for a particular time frame, the patient receives those services from Taxpayer. After providing services, Taxpayer submits proof of services, notes, and forms to the Department of Labor, and the government remits payment to Taxpayer for having provided services to the patient. Thus, in the context of 3.2.241.13 NMAC, the Department of Labor pays Taxpayer for the home health services that are authorized by the EEOICPA. Taxpayer seeks to deduct those payments as receipts from a "managed health care provider[] or health care insurer[]"

that are "for commercial contract services . . . provided on [Taxpayer's] behalf by health care practitioners who . . . are employed by [Taxpayer]." *Id.* In light of Taxpayer's testimony at the hearing and absent any other argument, Taxpayer presented no evidence that it receives receipts, or payments, from a "managed health care provider or health care insurer." As a result, contrary to its argument, Taxpayer is not "expressly" permitted to take the deduction under 3.2.241.13 NMAC.

**{11}** We are further unpersuaded that because Taxpayer does not appear to be an entity that is excluded from the deduction by 3.2.241.17 NMAC, Taxpayer is "clearly entitled to the statutory deduction" under Section 7-9-93 (2007). *TPL, Inc.*, 2003-NMSC-007, ¶ 9. Accordingly, we conclude that the regulations do not independently support the deduction for Taxpayer under Section 7-9-93 (2007), and we turn to consider the arguments raised under Section 7-9-77.1(E) (2016).

## II. Taxpayer Did Not Establish That It Was Clearly Entitled to a Deduction Under Section 7-9-77.1(E) (2016)

**{12}** The parties agree that the 2016 version of Section 7-9-77.1 applies to Taxpayer's request for deduction. Section 7-9-77.1(E) (2016) states,

> Receipts of a home health agency from payments by the United States government or any agency thereof for medical, other health and palliative services provided by the home health agency to medicare beneficiaries pursuant to the provisions of Title 18 of the federal Social Security Act may be deducted from gross receipts.

The hearing officer determined that Taxpayer was not entitled to a Section 7-9-77.1(E) (2016) deduction, because the "receipts must . . . be derived through Title 18 of the federal Social Security Act," which is also known as Medicare, and the receipts in this case were derived through the EEOICPA. Taxpayer maintains that the clause "pursuant to the provisions of Title 18 of the federal Social Security Act" (the "pursuant to" clause) only describes the preceding term, "medicare beneficiaries." As we explain, we reject Taxpayer's view, because that reading of Section 7-9-77.1(E) (2016) renders the "pursuant to" clause superfluous. *See Whitely v. N.M. Pers. Bd.*, 1993-NMSC-019, ¶ 5, 115 N.M. 308, 850 P.2d 1011 ("No part of a statute should be construed so that it is rendered surplusage.").

**{13}** According to Taxpayer, the "pursuant to" clause applies only to the immediately preceding phrase, "to medicare beneficiaries," in order to "add detail and clarity." We provide the following example of Taxpayer's version, in which the bolded text modifies the italicized text.

> Receipts of a home health agency from payments by the United States government or any agency thereof for medical, other health and palliative services provided by the home health agency to *medicare beneficiaries*

**pursuant to the provisions of Title 18 of the federal Social Security Act** may be deducted from gross receipts.

Section 7-9-77.1(E) (2016) (emphases added). Rather than adding "clarity," however, as Taxpayer maintains, we see only redundancy in this construction, which renders the "pursuant to" clause mere surplusage. Instead, we conclude that the "pursuant to" clause modifies the nearby phrase "provided by the home health agency," demonstrated as follows:

> Receipts of a home health agency from payments by the United States government or any agency thereof for medical, other health and palliative services *provided by the home health agency* to medicare beneficiaries **pursuant to the provisions of Title 18 of the federal Social Security Act** may be deducted from gross receipts.

*Id.* (emphases added). In this way, the "pursuant to" clause has independent meaning because Section 7-9-77.1(E) (2016) requires both that the services be provided "pursuant to" Medicare and that the people receiving the services be Medicare beneficiaries. The services Taxpayer provided were not provided pursuant to Medicare but instead were provided entirely pursuant to EEOICPA. We therefore conclude that Taxpayer failed to meet the burden to establish it was clearly entitled to the deduction. *See TPL, Inc.*, 2003-NMSC-007, ¶ 9.

**CONCLUSION**

**{14}** For the reasons stated herein, we affirm.

**{15} IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**